In the Matter of GEORGE G. SOLAR CO., INC., Debtor.

No. 83–581–T.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 15, 1984.

Paul T. Coleman, Tampa, Fla., Jawdet Rubaii, Clearwater, Fla., for debtor.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an Objection to Claim filed in the above-captioned Chapter 11 case by Harrison Internation, Inc. (Harrison). The claim is challenged by George G. Solar, Inc., the Debtor, who seeks rehabilitation under Chapter 11 of the Bankruptcy Code. The claim, originally filed in the amount of $115,000, is based on a Second Amended Final Judgment obtained by Harrison against Solar in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. According to the affidavit filed by Harrison, Harrison credited Solar with the following amounts: $40,000 representing a lump sum payment received on February 14, 1983; the sum of $20,000 received from Aeronca on February 14, in full satisfaction of Solar's claim against Aeronca (a claim which was assigned to Harrison) and the sum of $9,566.62, representing fourteen monthly payments of $683.33 received by Harrison from Solar since March, 1983. Thus the claim originally asserted in the amount of $115,000 has been reduced to $45,433.38 as the result of these credits.

The present controversy centers around the proper credit to be accorded to Solar and to be set off against the claim admittedly due by Harrison to Solar. It is Solar's contention that it is no longer indebted to Harrison in any amount because of a certain settlement effectuated between Harrison and Aeronca. Because the transactions of the parties are somewhat complex, a detailed summary of the underlying facts as they appear from the record should be helpful.

The record reveals that Solar had a claim against Aeronca which originally was asserted in the amount of $40,000; that Solar was indebted to Harrison originally in the amount of $115,000 which is now reduced to $45,433.38; that part of the credit given by Harrison to Solar is represented by an assignment of Solar's claim against Aeronca, which claim, in the original face amount of $40,000 was settled by Harrison for $20,000, and for which Harrison received $20,000 from Aeronca. The complication arises from the fact that while the assignment of the Solar's claim to Harrison appears to be an absolute and unqualified assignment, Solar now asserts that its claim against Aeronca, which claim is now asserted in a companion adversary proceeding, was much greater than $40,000, and contends that Solar should get credit for the entire amount of claim which is now asserted in excess of $100,000. Therefore, it is Solar's position that it is no longer indebted to Harrison in any amount.

The validity of Solar's proposition, of course, depends entirely on whether or not the settlement of the law suit between Harrison and Aeronca did effectively wipe out any and all claims of Solar against Aeronca or merely assigned a claim held by Solar in the amount of $40,000. If the latter is the case, it is clear that since this was an absolute and unconditioned assignment, the fact that Harrison settled that $40,000 claim for $20,000 is of no consequence and Solar is entitled only a $20,000 credit and not for the full $40,000.

As noted, however, the difficulty arises from the fact that Solar now asserts a claim against Aeronca and is apprehensive that unless its claim against Aeronca is recognized in the full amount in this proceeding, Solar would be effectively barred from pursuing its claim against Aeronca in any amount in excess of the $40,000.

A careful analysis of the relationship of the parties and the undisputed facts as they appear from the record leaves no

doubt that first, there are no genuine issues of material fact and second, Harrison is entitled to a resolution of this particular controversy as a matter of law. Solar is only entitled to a credit to the extent of $20,000, the monies actually received by Harrison to be set off of Harrison's claim against Aeronca. This conclusion is based on the following undisputed facts: The assignment of the claim of Solar against Aeronca to Harrison was an unqualified and absolute assignment; thus, Solar is not entitled to any greater credit than the amount actually received by Harrison. This does not mean, however, that granting the Motion for Summary Judgment in favor of Harrison shall have any bearing whatsoever on any claim Solar might have against Aeronca. Whether or not Solar gave up any claim against Aeronca in excess of the amount assigned to Harrison is a matter yet to be determined independently in the adversary proceeding between Solar and Aeronca. Thus, if it is determined that Solar intended to assign only the undisputed portion of its claim against Aeronca to Harrison, then, of course, Solar may pursue its claim against Aeronca in excess of $40,000. Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Harrison International be, and the same hereby is, granted and the claim of Harrison be, and the same hereby is, allowed in the amount of $45,433.38. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Solar be, and the same hereby is, denied without prejudice to the right of Solar to assert any claim against Aeronca in a separate adversary proceeding in excess of the sum of $40,000.